IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HEATHER COOK,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

Civil No. **22-1394 PJM**

**MEMORANDUM OPINION**

Heather Cook has sued Costco Wholesale Corporation ("Costco"). *See* ECF No. 4. Before the Court is Cook's Motion to Remand. ECF No. 9. Costco opposes the motion. ECF No. 10. No hearing is necessary. *See* Local Rule 105.6.

For the reasons that follow, the Court concludes that it lacks subject matter jurisdiction over the case and **GRANTS** Cook's Motion to Remand.

**I.**

Cook alleges that she was injured on December 19, 2019, during an incident that occurred while she was at a Costco retail location located at 880 Russell Avenue, Gaithersburg, Maryland. *See* ECF No. 4, Complaint. That day, Cook purchased a hot dog from Costco and went to the metal fixture where the condiments were located. *Id.* ¶ 5. While she was standing near the fixture, the bottom of the fixture collapsed onto her right foot. *Id.*

On or about May 20, 2022, Cook filed suit in the Circuit Court for Montgomery County, Maryland, against Costco, alleging damages "in an amount less than Seventy-five Thousand Dollars ($75,000), inclusive of interest, costs, and any and all other relief" arising out of the December 19, 2019 incident. *See* ECF No. 1, Notice of Removal. Cook's Complaint contains one claim for

1

negligence. ECF No. 4. She alleges that Costco, its employees, agents, and assigns had a duty to use reasonable and ordinary care to keep the premises safe for an invitee and to protect her from injury caused by unreasonable risk. *Id.* ¶ 7. She claims that as a result of Costco's negligence, she sustained painful bodily injuries, incurred medical expenses, endured pain, suffering, and mental anguish. *Id.* ¶ 8.

On June 7, 2022, Costco removed the action to this Court asserting subject matter jurisdiction on the basis of diversity of citizenship. *See* ECF No. 1, Notice of Removal; 28 U.S.C. § 1332(a). On June 8, 2022, Cook filed a Motion to Remand arguing removal was improper for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000. ECF No. 9.

On June 9, 2022, Costco filed a Response in Opposition to Plaintiff's Motion to Remand. ECF No. 10. Costco asserts that removal is proper even though the *ad damnum* clause in the Complaint specifies damages "less than $75,000" because Cook has made settlement demands in excess of $75,000. *Id.* at 1. Costco contends Cook has made two settlement demands, one for $85,000 and one for $120,000, contradicting her contention that she seeks less than $75,000. *Id.* at 3. Costco characterizes the language of Cook's *ad damnum* clause as a "bad faith attempt to avoid federal jurisdiction" and argues that she can readily amend her Complaint to increase her requested damages amount. *Id.* at 4.

## II.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994)).

2

The "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh,* 609 F.3d 359, 362 (4th Cir .2010); *accord McBurney v. Cuccinelli,* 616 F.3d 393, 408 (4th Cir. 2010). Thus, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 296 (4th Cir. 2008).

Costco removed the case to this Court, asserting subject matter jurisdiction on the basis of diversity of citizenship. In cases removed under diversity,[1] the Court has jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Complaints that seek exactly $75,000 do not meet the jurisdictional minimum. *Freeland v. Liberty Mut. Fire Ins. Co.,* 632 F.3d 250, 255 (6th Cir. 2011).

The Fourth Circuit has explained: "The black letter rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." *Choice Hotels Intern., Inc. v. Shiv Hospitality, LLC,* 491 F.3d 171, 176 (4th Cir. 2007) (citing *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961). Furthermore, the "Supreme Court has held that a plaintiff with a claim potentially exceeding $75,000 'may resort to the expedient of suing for less than the jurisdictional amount, and though [the plaintiff] would justly be entitled to more, the defendant cannot remove.'" *Mary L. Martin, Ltd. v. State Auto Property and Cas. Ins. Co.,* 2013 W L 2181206, at * 2 (D.Md. May 17, 2013) (quoting *St. Paul Mercury Indem. Co.,* 303 U.S. at 294).

---

[1] The parties do not contest that diversity of citizenship exists. Therefore, the Court's analysis focuses solely on the amount in controversy.

3

As noted, Cook's Complaint asserts damages "in an amount less than Seventy-five Thousand Dollars ($75,000), inclusive of interest, costs, and any and all other relief." Costco contends that the true amount in controversy exceeds $75,000 because Cook, prior to filing suit, made two settlement demands exceeding $75,000. Costco provides no other evidence of Cook's alleged bad faith pleading. Notably, both of Cook's settlement demands were sent prior to the filing of the Complaint. Thus, the Court cannot that Cook acted in bad faith in claiming damages less than $75,000 in her state court Complaint.

If there is no evidence of bad faith, where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a "legal certainty" that the plaintiff would actually recover more than that if she prevailed. *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F.Supp.2d 506, 509 (D. Md.2002). If, on the other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Id.* at 509–10.

Here, the amount in controversy is neither entirely specified nor unspecified. Cook does not allege a specific amount of damages in her Complaint, she simply requests an amount less than $75,000. Therefore, Costco need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Momim* at 508–09 (internal citations omitted). In *Momin*, the plaintiff alleged damages of $69,000 and sought to recover attorney's fees. *Id.* at 509. Though the court was "tempted as a practical matter to agree ... that this case [would] not likely be tried for less than $6,000 in attorneys' fees", it concluded that "speculative arguments about the potential value of an attorneys' fees award are insufficient to confer jurisdiction" and required additional evidence to determine whether the total award would, in fact, surpass $75,000. *Id.* at 510.

Here, Costco argues that the damages will likely exceed $75,000. However, as proof, Costco offers only the settlement demand letters and asserts that Cook might later amend her Complaint to

4

demand more than $75,000. Even applying the preponderance of the evidence standard, Costco has failed to meet its burden. Because the settlement demand letters are the only evidence offered, the Court would have to speculate as to whether Cook might ultimately amend her *ad damnum* clause. Absent an evidentiary showing that Cook is unable to bring her negligence claim for less than $75,000, inclusive of fee and costs, the Court finds that Costco's assertions regarding the settlement demand letters are insufficient to meet the preponderance of the evidence standard.

### III.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction as to this case. Plaintiff's Motion to Remand is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), the case shall be remanded to the Circuit Court for Montgomery County.

A separate Order will **ISSUE**.

Date: July 6, 2022

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE